IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01612-DME-KLM

JERRY GRADY,

        Plaintiff,

v.

CAPTAIN EDMONDS, Dr. McLAUGHLIN, NURSE TAYLOR, LT. GILLESPI, CASE MANAGER CATHY PFALZGRAPH, P.A. ROBERTS, P.A. WRIGGLEY, WARDEN TONY CAROCHI, and JOSEPH ORTIZ, Executive Director of DOC,

        Defendants.

---

ORDER ADDRESSING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

This matter comes before the Court on the Magistrate Judge's Report and Recommendation dated June 11, 2007 ("Report"). The Report addresses Defendants' motion to dismiss Plaintiff Jerry Grady's claims pursuant to Fed. R. Civ. P. 12(b)(6). The Report recommends dismissing some, but not all, of Grady's claims. Grady filed timely objections to aspects of that recommendation, and Defendants have responded to Grady's objections. Upon consideration of those objections, this Court ADOPTS the Magistrate Judge's Report and Recommendation in full.

**I.   Defendants**

Grady, proceeding pro se and in forma pauperis, sued nine Colorado

prison officials, in their official and individual capacities, under 42 U.S.C. § 1983. Grady alleges that he is disabled from prior work-related injuries and that Defendants, nevertheless, assigned him to prison jobs that required him to perform duties that he is physically unable to perform.

To the extent Grady asserts claims seeking monetary damages from these Defendants in their official capacities, the Eleventh Amendment bars those claims, which are in effect claims for money damages against the State itself. See Callahan v. Poppell, 471 F.3d 1155, 1158 (10th Cir. 2006); Trujillo v. Williams, 465 F.3d 1210, 1224 (10th Cir. 2006).

Grady expressly agrees with the Report's recommendation that the claims asserted against Defendants Taylor, Pfalzgraph, Roberts, Wriggley, and Ortiz, in their individual or personal capacities, should be dismissed. And, despite Grady's objections, he has failed to allege that Defendants Gillespi and Carochi personally participated in the alleged constitutional violations. See Trujillo, 465 F.3d at 1227 (noting a defendant will not be liable under § 1983 unless the defendant is directly and personally responsible for the alleged constitutional violation).

Defendants' motion to dismiss is, therefore, GRANTED as to these defendants. Accordingly, the only remaining defendants named in this action are Defendants Edmonds and McLaughlin, sued in their individual capacities.

**II.   Claims**

Grady's claims alleging these two defendants deprived him of due process and equal protection of the law, by treating him differently than other disabled

inmates, fail to state a claim upon which relief can be granted.  Defendants' motion to dismiss is GRANTED as to these claims.  This leaves pending Grady's Eighth Amendment claims asserted against both Edmonds and McLaughlin, in their individual capacities, alleging they were deliberately indifferent to Grady's serious medical needs; and Grady's claim alleging Edmonds deprived him of equal protection of the law when, from December 2003 through December 2005, Edmonds treated disabled inmates such as Grady differently than he treated non-disabled inmates by assigning those inmates, including Grady, to jobs they could not physically perform and then threatening to put those inmates into administrative segregation if they did not perform their assigned jobs.[1]

### III.    Opportunity to Amend

Grady will have an opportunity to amend his complaint to add the Colorado Department of Corrections ("DOC") as a defendant and to allege a claim against that entity for violating Grady's own rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213.  However, Grady cannot allege in this action that the DOC is not complying with the remedial plan entered in an ongoing class action, <u>Montez v. Owens</u>, No.92-cv-870-EWN-OES.  He must pursue any such assertions in that class action itself.

Grady will also have an opportunity to amend his complaint to include further facts in support of his equal protection claim asserted against Edmonds,

---

[1] Because Grady has not alleged that Dr. McLaughlin made any inmate job assignments, this equal protection theory does not state a claim against him for which relief can be granted.

alleging that Edmonds treated disabled inmates differently than non-disabled inmates.

To the extent Grady chooses to amend his complaint in these regards, he shall file those amendments with this court within thirty days of the date of this order.

Grady's request for the appointment of counsel is DENIED.

Dated: October 10, 2007

BY THE COURT:

*s/ David M. Ebel*

UNITED STATES CIRCUIT JUDGE