IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01612-DME-KLM

JERRY GRADY,

    Plaintiff,

v.

CAPTAIN EDMONDS, and
DR. McLAUGHLIN,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for a Temporary Order Against all Medical Restriction Being Lifted for Jerry Grady UnitI** [sic] **Case is Heard** [Docket No. 54; filed November 7, 2007] (the "Motion"). The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons provided below, I respectfully recommend that the Motion be **DENIED**.

Plaintiff requests that this Court issue a temporary restraining order or preliminary injunction to prevent his medical restrictions from being lifted by prison officials pending

1

resolution of this case.[1] He also requests that a temporary order be issued to prevent prison officials from transferring Plaintiff out of his present facility, the Buena Vista Minimum Center ("BVMC"). Defendants have filed a response [Docket No. 56; filed November 30, 2007].

**I.    Analysis**

Fed. R. Civ. P. 65(a) and (b) govern preliminary injunctions and temporary restraining orders, respectively. "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Emmis Comm'ns Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D.Colo. 2001) (citing 11A Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951 (2d ed.1995)). Because Plaintiff appears to seek a temporary restraining order, and gave notice to Defendants, his motion is analyzed under preliminary injunction standards.

A preliminary injunction is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting a preliminary injunction must clearly establish that: (1) the party will suffer

---

[1] I note that Plaintiff has failed to demonstrate that he has exhausted his administrative remedies with regard to the "Accommodation Resolution" form he submitted. An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures. *Booth v. Churner*, 532 U.S. 731, 739 (2001). However, even if Plaintiff had exhausted his administrative remedies, I would still find that a temporary restraining order is not warranted.

2

irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id*. It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Finally, if an injunction would "alter the status quo," the factors must "weigh heavily and compellingly" in the movant's favor in order for an injunction to enter. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).

### A. Medical Restrictions

Plaintiff states that his medical work restrictions were adjusted by prison officials in December of 2005. *Motion*, p. 2. At that time, Plaintiff was restricted to sedentary duties not requiring long periods of standing or walking on wet floors and a work schedule of only two hours per day. Plaintiff alleges that Defendants are now removing all of his medical restrictions. *Id.* at 3.

Plaintiff must show that he will suffer irreparable injury if his request for a temporary restraining order is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heidman v. S. Salt Lake City*,

3

348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id*. (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1235, 1250 (10th Cir. 2001)). The party seeking the temporary restraining order must show that "the injury complained of is of such imminence that there is a clear and present need for equitable relief." *Heidman*, 348 F.3d at 1189.

Defendants state that Plaintiff cannot show an imminent, irreparable harm, as his "medical work restrictions have not been recently changed, nor are there any current plans to change his restrictions." *Response*, p. 4. Plaintiff attached a document, an "Accommodation Resolution", which he believes supports his claim that his medical work restrictions are being lifted. *Motion*, Ex. C. However, as Defendants argue, Exhibit C merely states that prison officials determined that Plaintiff is not considered disabled under the Americans With Disabilities Act ("ADA")[2]. Exhibit C does not state that Plaintiff's medical work restrictions are subject to change or removal. Defendants further attach a document which establishes that Plaintiff's various medical restrictions were renewed by the prison on September 27, 2007. *Response*, Ex. B. Accordingly, Plaintiff has not shown an injury that is "certain, great, actual 'and not theoretical.'" *Heidman*, 348 F.3d at 1189.

Next, Plaintiff must demonstrate that "the threatened injury . . . outweighs whatever

---

[2]Aside from summary statements that Plaintiff "[h]as been screened for a disability," the record is devoid of any information regarding the purpose of Exhibit C and/or the circumstances under which it was created. The Court declines to speculate as to its purpose, but notes that an explanation from Defendants would not only have been useful to the Court, but likely to Plaintiff as well.

4

damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. Plaintiff has not addressed or demonstrated whether the alleged harm to him outweighs the potential damage a temporary restraining order may cause Defendants or whether such an order would be adverse to the public interest. Plaintiff has failed to meet his burden regarding these two requisite elements.

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claim. *Schrier*, 427 F.3d at 1258. Plaintiff brings an Eighth Amendment claim of deliberate indifference to his medical needs and an equal protection claim alleging he was treated differently from non-disabled inmates. In his Motion, Plaintiff fails to make any statements or attach any documents that show he was treated differently from non-disabled inmates. Further, Defendant has established that Plaintiff's medical restrictions are still in place, thus undercutting a claim of deliberate indifference to his medical needs. Plaintiff fails to make a strong showing that he would succeed on the merits of an Eighth Amendment claim or an equal protection claim.

### B. Facility Transfer

Plaintiff next requests that this Court issue an order preventing Defendants from transferring Plaintiff out of his current facility, BVMC. Other than this bald request, Plaintiff makes no other allegations regarding his transfer. He attaches no documents showing that a transfer may be imminent or the harm that would result to him from such transfer.

5

Again, Plaintiff has failed to meet his burden for obtaining a temporary restraining order.

## II.    Conclusion

As Plaintiff has failed to satisfy the four prerequisites for obtaining a temporary restraining order, I respectfully **RECOMMEND** that the Motion [Docket No. 54; filed November 7, 2007] be **DENIED**.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated:  December 5, 2007