IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01612-DME-KLM

JERRY GRADY,

    Plaintiff,

v.

CAPTAIN EDMONDS, and
DR. McLAUGHLIN,

    Defendants.

_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the following:

(1) **Plaintiff,** [sic] **Requesting a Federal Order to the Buena Vista Min Center, Law Library to Make Same Day Copys** [sic] **for the Above Case #** [Docket No. 62; filed December 10, 2007];

(2) **Plaintiff** [sic] **Request for a Federal Order, to Have the Defendant Give the Following Documents** [Docket No. 64; filed December 14, 2007];

(3) **The Plaintiff's Request for a Federal Order, to Have Defendants Give the Following Documents and Information for the Above Defendants** [Docket No. 69; filed January 2, 2008]; and

(4) **The Plaintiff's Request for a Court Order by This Federal Distric** [sic] **Court,**

**for the Following: Photograph's** [sic] **of the Plaintiff's Feet & A Complete Set of X-rays of the Plaintiff's Feet, to be View** [sic] **by an Independent Medical Team and this Court** [Docket No. 70; filed January 2, 2008].

In Plaintiff's first Motion [Docket No. 62], he requests that this Court issue an Order requiring the Buena Vista Minimum Center librarian to provide Plaintiff with "same day" copies of Plaintiff's motions filed in the instant case. I interpret this as a request for a mandatory preliminary injunction. However, pursuant to Fed. R. Civ. P. 65(d), "[e]very order granting an injunction . . . is binding only upon the parties to the action . . . ." The librarian at the Buena Vista Minimum Center is not a party to this action. Therefore, the Court lacks jurisdiction to enter an order compelling the librarian to provide Plaintiff with "same day" copies of his motions. Accordingly, IT IS HEREBY **ORDERED** that the Motion [Docket No. 62] is **DENIED**.

In Plaintiff's second Motion [Docket No. 64], Plaintiff requests that this Court issue an Order compelling the Defendants to produce a copy of the "order to Stop and Discontinue all (SPECIAL PROJECTS) in the year of 2005" and to specify the date on which this program was discontinued, as well as to identify the individual by whose authority the program was discontinued. Pursuant to Fed. R. Civ. P. 34(a), "[a]ny party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect, copy, . . . any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served . . . ." Also, pursuant to Fed. R. Civ. P. 33(a), "[w]ithout leave of court

or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number . . . ." Prior to filing a Motion to Compel, Plaintiff must attempt to obtain discovery from Defendants using the procedures set out in the Federal Rules of Civil Procedure. However, this Court notes that there has been no Scheduling Order yet entered in this case. As such, a Scheduling Conference will be set via a separate order. The Court will inform the *pro se* Plaintiff of his discovery options during the Scheduling Conference. Accordingly, IT IS HEREBY **ORDERED** that Plaintiff's Motion to Compel [Docket No. 64] is **DENIED WITHOUT PREJUDICE**.

In Plaintiff's third Motion [Docket No. 69], he requests that this Court compel Defendants to produce documents relating to the reason for Defendant Captain Edmonds' release from employment at the Buena Vista Correctional Facility, all grievances and lawsuits that have been filed against Captain Edmonds from 2005 to 2007, all grievances and lawsuits filed against Defendant Dr. McLaughlin from 2005 to 2007, and all grievances and lawsuits that have been filed against non-party, Cathie Holst from 2005 to 2007. The Court again refers Plaintiff Fed. R. Civ. P. 34(a), as well as Fed. R. Civ. P. 33. In addition, to the extent that Plaintiff seeks information from non-parties, he must use other discovery tools, such as depositions or subpoenas duces tecum for that purpose. IT IS HEREBY **ORDERED** that Plaintiff's second Motion to Compel [Docket No. 69] is **DENIED WITHOUT PREJUDICE**.

In Plaintiff's fourth motion [Docket No. 70], he requests that the Court order that photographs of Plaintiff's feet and as well as x-rays of Plaintiff's feet be viewed by an

independent medical team, as well as the Court. The Court construes this as a motion to appoint an expert witness pursuant to F.R.E. 706. The Court hereby directs Defendants to respond to Plaintiff's fourth motion on or before **February 19, 2008**. The Court will then issue an order regarding Plaintiff's fourth motion in due course. As such, IT IS HEREBY **ORDERED** that the Motion [Docket No. 70] is **HELD IN ABEYANCE** pending further briefing.

BY THE COURT:
__s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: January 29, 2008