IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01612-DME-KLM

JERRY GRADY,

    Plaintiff,

v.

CAPTAIN EDMONDS, and
DR. McLAUGHLIN,

    Defendants.

_____

## ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the following:

(1) **The Plaintiff's Request for a Court Order by This Federal Distric** [sic] **Court, for the Following: Photograph's of the Plaintiff's Feet & Complete Set of X-rays of the Plaintiff's Feet, to be View** [sic] **by an Independent Medical Team and this Court** ("Motion to Appoint an Expert") [Docket No. 70; filed January 2, 2008];

(2) Plaintiff's **Motion to Appoint an Expert Witness Pursuant to F.R.E. 706** [Docket No. 80; filed February 19, 2008]; and

(3) Plaintiff's **Motion to** [sic] **Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes, Under Fed. R. Civ. P. 34(a)** ("Motion

1

for Production of Documents") [Docket No. 81; filed February 19, 2008].

The Court must construe the motions liberally because Plaintiff is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. The Court has reviewed the Motions, Defendants' Response [Docket No. 79; filed February 22, 2008], the entire case file and applicable case law and is sufficiently advised in the premises.

**I.      Motion Regarding Request for Photographs and Independent Medical Review**

In Plaintiff's first Motion [Docket No. 70], he requests that the Court order that photographs and x-rays of his feet be viewed by an independent medical team, as well as the Court.[1] By my Order dated January 29, 2008, I construed this as a motion to appoint an expert witness pursuant to F.R.E. 706 and held it in abeyance pending further briefing [Docket No. 75]. By that same Order, Defendants were ordered to respond to the Motion to appoint an expert witness. Defendants filed their response on February 22, 2008 [Docket No. 79].

Plaintiff is incarcerated at the Buena Vista Correctional Facility ("BVCF"). *Complaint*, p. 2. Prior to his incarceration, Plaintiff suffered severe, permanent injuries to his feet after falling 45-feet in a work-related injury. *Id.* at 3. Plaintiff has alleged that

---

[1]It is not clear whether Plaintiff's Motion requests an Order requiring that his feet be photographed and x-rayed, or whether he requests that already existing photographs and x-rays be viewed by an "independent medical team."

2

Defendants knew of his disability, but forced him to perform work that was beyond his physical capabilities and caused Plaintiff severe pain. *Id.* at 8. Plaintiff alleges that Defendants' actions subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights, and deprived him of his Fourteenth Amendment due process and equal protection rights. In support of his Motion to Appoint an Expert Witness, Plaintiff states that he has suffered multiple fractures to his feet and he feels he needs an expert in order to be able to prove his case. *Motion*, p. 2. Defendants argue that, "[w]hile this case involves some medical issues, the case is not overly complex or technical . . . Defendants currently do not anticipate calling any expert witnesses." *Response*, pgs. 3-4. Finally, Defendants argue that both the Court and a jury are "capable of evaluating [Plaintiff's] deliberate indifference and equal protection claims without needing expert testimony." *Id.* at 4.

Pursuant to Federal Rule of Evidence 706, a District Court "may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection." Courts have held that, under Rule 706(b), a District Court can apportion costs of an expert witness, and that this authority extends to excusing indigent parties from paying their share of the costs. *See, e.g., Ledford v. Sullivan*, 105 F.3d 354, 360-61 (7th Cir. 1997). However, Rule 706 provides no explicit instruction as to when an expert *should* be appointed by the Court.

Professors Wright and Gold suggest that "[w]hile Rule 706 provides no standard for determining when to appoint an expert, the policy [of promoting accurate factfinding] underlying the provision supplies some guidance." 29 *Federal Practice and Procedure* § 6304, at 465 (1997). Morever, Courts have hesitated to find any affirmative obligation to exercise their Rule 706 power. *See, e.g., Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Okla. Natural Gas Co. v. Mahan & Rowsey, Inc.*, 786 F.2d 1004, 1007 (10th Cir. 1986). Finally, in the absence of "complex scientific evidence or complex issues", the circuit courts have held that a district court does not abuse its discretion in declining to appoint an expert pursuant to Rule 706. *Mckinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991); *see also Cestnik v. Fed. Bureau of Prisons*, 84 Fed. Appx. 51, 53 (10th Cir. December 18, 2003) (unpublished case) ("Given the relative lack of complexity of [the] case and [Plaintiff's] failure to submit any evidence that he was financially unable to retain his own physician, we cannot say that the refusal to appoint an expert constituted abuse of discretion.").

Although Plaintiff's case involves medical issues, I find these issues are not overly complex or scientific. It appears that both the Court and a jury would be able to understand the medical issues presented by Plaintiff's case without the assistance of a court-appointed expert. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint an Expert [Docket No. 70; filed January 2, 2008] is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's **Motion to Appoint an Expert**

**Witness Pursuant to F.R.E. 706** [Docket No. 80; filed February 19, 2008] which requests the same relief as Plaintiff's initial motion, is **DENIED AS MOOT**.

II.     **Motion for Production of Documents**

Plaintiff's Motion for Production of Documents [Docket No. 81] requests, *inter alia*, that Defendants be compelled to produce their Fed. R. Civ. P 26(a)[2] required disclosures and as well as various documents pursuant to Fed. R. Civ. P. 34.

First, I note that because this is "an action brought without counsel by a person in custody of the United States, a state, or a state subdivision," Defendants are exempt from making initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(E)(iv).  Further, while Plaintiff is certainly entitled to obtain discovery from Defendants, the Court notes that the Preliminary Scheduling Conference for this case has been set for March 11, 2008 [Docket No. 73; January 29, 2008].  Plaintiff may not obtain discovery prior to this Scheduling Conference.  Fed. R. Civ. P. 26(d).  However, the Court will inform Plaintiff of his discovery options during the Conference, and discovery will proceed pursuant to the Federal Rules after the Scheduling Conference.

Accordingly, IT IS HEREBY **ORDERED** that the Motion for Production of Documents [Docket No. 81] is **DENIED**.

> BY THE COURT:
>
> __s/ Kristen L. Mix_____

---

[2] While Plaintiff cites to Fed. R. Civ. P 26(b), he requests "required disclosures" and also includes text from Fed. R. Civ. P. 26(a)(1)(B).  As such, I construe this as a request for initial disclosures.

United States Magistrate Judge

Dated: February 27, 2008