IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01612-DME-KLM

JERRY GRADY,

      Plaintiff,

v.

CAPTAIN EDMONDS,
Dr. McLAUGHLIN, and
CATHIE HOLST

      Defendants.

## ORDER

This matter comes before the Court on the Magistrate Judge's Report and Recommendation dated December 5, 2007 ("Report"). The Report addresses Plaintiff Jerry Grady's Motion for a Temporary Order Against all Medical Restriction [sic] Being Lifted for Jerry Grady Unitl [sic] Case is Heard (the "November Motion"). The Report recommends denying Grady's motion. Grady filed timely objections to aspects of that recommendation. Approximately a week after he filed his objections, Grady filed a Motion for a Temporary Order Against All Medical Restrictions Being Lifted by the Buena Vista Medical Staff, and By Colorado and By Colorado Department of Corrections (the "January Motion"). Upon consideration of the Report and Grady's objections, this Court

1

ADOPTS the Magistrate Judge's Report and Recommendation in full and DENIES Grady's first motion. In addition, this Court DENIES Grady's second motion for a temporary order.

I. **Background**

Grady, who proceeds before this Court pro se and in forma pauperis, originally sued nine Colorado prison officials, in their official and individual capacities, under 42 U.S.C. § 1983. After this Court's October 10, 2007 Order ("Order"), only three claims remained: Grady's Eighth Amendment claims asserted against both Edmonds and McLaughlin, in their individual capacities, alleging they were deliberately indifferent to Grady's serious medical needs; and Grady's claim alleging Edmonds deprived him of equal protection of the law when, from December 2003 through December 2005, Edmonds treated disabled inmates such as Grady differently than he treated non-disabled inmates. Since that time, Grady has filed an additional Eighth Amendment deliberate indifference claim against Cathie Holst, in her individual and official capacities.

In his two motions for temporary orders, Grady contends that the Defendants are now removing medical restrictions first adopted in December 2005 that limited his work schedule and job duties. In his November Motion, Grady sought an order barring the removal of his medical restrictions pending resolution of this case and an order preventing his transfer out of the Buena Vista Minimum Center. Similarly, Grady's January Motion seeks an order

precluding the Defendants from removing his medical restrictions.[1] In effect, his January Motion constitutes objections responsive to the Report. Nonetheless, in light of the obligation to construe Grady's pleadings liberally, this Court will address it both as a series of objections to the Report and as an independent motion.

## II. Discussion

As the Report notes, "[w]here the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." Emmis Commc'ns Corp. v. Media Strategies, Inc., No. Civ.A 00-WY-2507, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001) (citing 11A Charles A. Wright, Arthur Miller & Mary K. Kane, Federal Practice & Procedure § 2951 (2d ed. 1995)). Although it is not entirely clear from his motions, Grady apparently seeks a temporary restraining order. However, because he has notified the Defendants of both motions, this Court will analyze his motions under the preliminary injunction standard.

To warrant the issuance of a preliminary injunction, a moving party must establish four factors:

> (1) [he] will suffer irreparable harm if the injunction is not granted, (2) [his] threatened injury outweighs the harm caused to the opposing party as a result of the injunction, (3) the injunction is not adverse to

---

[1] Grady includes the Colorado Department of Corrections ("CDOC") and the Buena Vista Minimum Center Medical Staff as defendants in the caption of his January Motion. However, Grady filed no claims against the CDOC within the thirty-day window specified in this Court's October 10 Order and is now barred from doing so.

3

the public interest, and (4) [he] has a substantial likelihood of success on the merits of the case.

Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 F.3d 1256, 1260 (10th Cir. 2004).

A party seeking injunctive relief must found his effort on specific factual allegations. Longstreth v. Maynard, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005).

At the threshold, "the moving party must first demonstrate that [an irreparable] injury is likely before the other requirements for the issuance of an injunction will be considered." Echostar Satellite, 356 F.3d at 1260. "To constitute an irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" Heidman v. S. Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting Wis. Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985)). In addition, the harm must "of such *imminence* that there is a clear and present need for equitable relief . . . ." Id. (quoting Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1235, 1250 (10th Cir. 2001).

Grady's November and January Motions both fail to make this initial showing. He frets that his medical restrictions will be lifted, but offers only his fears as proof. Nor does he offer any sign that the lifting of the restrictions is imminent. As the Report astutely points out, the document he relies on – a "Response to Step 1 ADA Grievance" report ("Grievance Response") issued by

4

Defendant Cathie Holst – "merely states that prison officials determined that Plaintiff is not considered disabled under the Americans With Disabilities Act ('ADA')." Report at 4. The CDOC's Chief Medical Officer first made the determination that Grady was not disabled under the ADA in November 2005, just before Grady's medical restrictions were implemented. The Grievance Response notes that Grady was "re-screened for a mobility disability on 9/26/07" and, at that time, the "provider indicated [that Grady did] not have a qualifying disability." Moreover, the provider claimed that Grady was "able to walk 1/4 mile, lift weights, walk to chow, climb stairs, and . . . do all of the ADL's unassisted." Based on this medical assessment, Holst denied Grady's ADA grievance. Nothing in the document portends, however, that Grady's medical restrictions were to be altered in any way.

Likewise, nothing in the January Motion meets the threshold showing of imminent irreparable injury. As evidence that the Defendants "are now removing all of his Medical Restrictions," Grady again points to the "Response to Step 1 ADA Grievance" report issued by Cathie Holst. With little else to consider, this Court cannot conclude that Grady has presented "clear and unequivocal" evidence of his "right to relief." See Schrier, 427 F.3d at 1258. Grady asks the Court to predicate an order of injunctive relief on speculation as to whether the Defendants will in fact lift his medical restrictions.[2] This the Court cannot do.

---

[2]In their response to the November Motion, the Defendants state that Grady's "medical work restrictions have not been recently changed, nor are

(continued...)

Lastly, Grady seeks to cast doubt on the verity of Holst's report by noting that "[t]his Provider, that is making these flase [sic] staements [sic], is the same Provider, that is being sued in this 1983 Civil Action." He concludes that if the restrictions are lifted he "will be force [sic] to work 8 hours a day 5 days a week . . ." and will end up in the hospital because of the pain he would suffer. Yet, he offers nothing more than this conclusory statement to substantiate his concerns. With only the Grievance Response and Grady's allegations to go on, this Court lacks evidence sufficient to find that Grady has shown an imminent irreparable injury.

## III. Conclusion

After careful consideration, the Court agrees with the Magistrate Judge's Report and hereby accepts and adopts the Report's Recommendation. Therefore, Grady's November Motion is DENIED. For the reasons stated above, Grady's January Motion is also DENIED.

Dated: April 11, 2008

BY THE COURT:

*s/ David M. Ebel*

UNITED STATES CIRCUIT JUDGE

---

(...continued)
there any current plans to change his restrictions." Indeed, the Defendants support this statement with a document showing that Grady's medical restrictions were renewed on September 27, 2007.

6