IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01612-DME-KLM

JERRY GRADY,

    Plaintiff,

v.

CAPTAIN EDMONDS,
DR. McLAUGHLIN, and
CATHIE HOLST,

    Defendants.

_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Give Evidence in Supporting [sic] the Plaintiff's Claim of His Disability, and Addressing the Defendants [sic] Reply to the Magistrate Judge's Report and Recommendations [sic] for the Above Case** [Docket No. 67; filed December 26, 2007] (the "Motion").

    The Court must construe the motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. Despite extreme care in reviewing the lengthy docket in this case and repeated readings of the Motion, the Court is at a loss to determine its purpose.

    Importantly, the Motion does not identify the "Magistrate Judge's Report and Recommendations [sic]" to which it refers by either date or docket number. Nor does the Motion otherwise provides clues as to whether Plaintiff is attempting to address a single or multiple Reports and Recommendations of the Magistrate Judges who have labored over his case. As explained further below, there were two active Magistrate Judge's Reports and Recommendations pending at the time of filing of the Motion [Docket Nos. 37 and 60]. The reference in the title of Plaintiff's Motion to "Defendants [sic] Reply" is also not helpful, as no such "reply" which had been filed by Defendants at the time when Plaintiff filed the

Motion.

A short procedural history is appropriate. On June 11, 2007, Magistrate Judge Schlatter issued a "Recommendation of United States Magistrate Judge" regarding Defendants' Motion to Dismiss [Docket No. 37] (the "First Recommendation"). On October 10, 2007, Circuit Judge Ebel entered an Order adopting the First Recommendation and permitting Plaintiff to file an Amended Complaint within thirty (30) days of the Court's Order [Docket No. 49]. On December 5, 2007, the undersigned Magistrate Judge entered two orders. The first Order extended the time for Plaintiff to file a Motion to Reconsider regarding Judge Ebel's previous Order [Docket No. 61]. The second Order, also titled "Recommendation of United States Magistrate Judge," recommended that Plaintiff's Motion for Temporary Restraining Order be denied [Docket No. 60] (the "Second Recommendation.")

The next substantive pleading filed by Plaintiff was the Motion at issue [Docket No. 67]. Although he was permitted to do so until December 31, 2007, Plaintiff did not file a pleading entitled "Motion to Reconsider" regarding Judge Ebel's October 10, 2007 Order adopting the First Recommendation. Nor did Plaintiff filed a proposed Amended Complaint, as permitted by Judge Ebel. As far as the Court can determine, Plaintiff has also not filed timely objections to the Second Recommendation [Docket No. 60], which has now also been adopted in its entirety by Judge Ebel [Docket No. 91; Filed April 11, 2008]. Hence, as stated earlier, the Court is at a loss as to the purpose of the Motion at issue.

Accordingly, IT IS HEREBY **ORDERED** that the Motion [#67] is **DENIED WITHOUT PREJUDICE**. **In the future, Plaintiff must set forth the exact dates and titles of any pleadings he is attempting to address so as to avoid confusion, conserve judicial resources and contribute to the prompt and efficient resolution of his lawsuit.** Failure to do so may result in the Court ordering non-compliant pleadings stricken.

Dated: April 25, 2008