IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01612-DME-KLM

JERRY GRADY,

      Plaintiff,

v.

CAPTAIN EDMONDS,
Dr. McLAUGHLIN, and
CATHIE HOLST

      Defendants.

# ORDER

This matter comes before this Court on the Magistrate Judge's Report and Recommendation dated October 30, 2008 ("Report"). The Report addresses the Defendants' motion for summary judgment (Doc. 113) and the Plaintiff's response (Doc. 121). The Report recommends granting the Defendants' motion for summary judgment. Because neither party has filed any objections to the Report, this Court has discretion to "review [the M]agistrate's [R]eport under any standard it deems appropriate." Summers v. State of Utah, 927 F.2d 1165, 1167-68 (10th Cir. 1991) (citing Thomas v. Arn, 474 U.S. 140, 150, 154 (1985)). When confronting similar scenarios, this Court has reviewed magistrates' reports to ensure "that there is no clear error on the face of the record." Lyons v. WM Specialty Mortg. LLC, 2008 WL 2811810, *1 (D. Colo. 2008) (citing Fed. R. Civ.

P. 72(b) Advisory Committee Notes); Ramsey v. Mansfield, 2008 WL 3984589, *2 (D. Colo. 2008) (reviewing a magistrate's report and recommendation with no objections for clear error on the face of the record, though stating that the court is "not required to do so"); see also United States v. Aguilar, 90 F. Supp. 2d 1152, 1157 n.1 (D. Colo. 2000) (explaining that "this standard of review is something less than a 'clearly erroneous or contrary to law' standard of review, which in turn is less than a de novo review") (citations omitted).  Applying that approach to this case, this Court determines that there is no clear error on the face of the record, and adopts the Magistrate's Report and Recommendation.  Accordingly, the Defendants' motion for summary judgment is hereby GRANTED.

**I. Background**

Jerry Grady ("Grady") is currently incarcerated by the Colorado Department of Corrections ("CDOC").  Proceeding pro se and in forma pauperis, Grady sued nine Colorado prison officials under 42 U.S.C. § 1983, alleging that he is disabled due to a prior work-related injury and that Defendants assigned him to prison jobs that required him to perform duties beyond his physical capabilities.  In an order dated October 10, 2007, this Court adopted Magistrate Judge Schlatter's Report and Recommendation recommending the dismissal of all claims against all defendants except the individual capacity Eighth Amendment claim against Defendants Edmonds and McLaughlin.  This Court also granted Grady leave to amend his complaint to state an equal protection

claim against Defendant Edmonds and an American with Disabilities Act (ADA) claim against CDOC.

Grady filed a document titled "Plaintiff's Claims of Eighth Amendment and Deliberately Indifferen [sic] Violations" on January 2, 2008. This Court will follow the Magistrate's lead and construe this document as an amended complaint. Grady's amended complaint alleges additional facts against Defendant Edmonds, but does not raise an ADA claim or add CDOC as a defendant. The amended complaint does, however, name Cathie Holst as an additional defendant and, in the body of the complaint, discusses factual allegations relating to Lt. Gillespie. This Court agrees with the Magistrate that the complaint fails to allege any facts in support of the addition of Cathie Holst as a defendant in this case, and that Lt. Gillespie is not properly before this Court because Grady's claims against Lt. Gillespie were already dismissed in our prior order. This Court will not, therefore, allow Grady to proceed with his claims against either of these defendants.

## II. Discussion

Choosing not to address the substance of Grady's equal protection claim, the Report recommends that this Court dismiss that claim without prejudice for failure to exhaust administrative remedies. "There is no question that exhaustion is mandatory under the [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). The Report explains that, even with a liberal reading of the administrative

grievances, it is clear that Grady has not exhausted all three steps of the state's administrative process with regards to his equal protection claim. Although this Court doubts that Grady's equal protection claim could withstand a motion for summary judgment even if he had properly exhausted his administrative remedies, this Court will follow the Magistrate's lead and dismiss this claim without prejudice for failure to exhaust.

To prevail on his remaining Eighth Amendment claim, Grady must show that Defendants McLaughlin and/or Edmonds were deliberately indifferent to his serious medical needs. See Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).

> "Deliberate indifference" involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). . . . The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000). The Defendants in this case concede that Grady suffers from a sufficiently serious medical condition, so Grady need only prove the subjective component of his Eighth Amendment claim to prevail.

This Court finds no clear error in Magistrate Judge Mix's conclusion that Grady has failed to provide evidence "that Defendant McLaughlin intentionally disregarded an excessive risk of harm to Plaintiff." (Doc. 122 at 16.) The bulk of Grady's allegations against Dr. McLaughlin claim that Dr. McLaughlin provided inadequate medical treatment and evaluation. The record shows that

Grady received regular medical attention in prison, and Grady has provided no evidence to support his allegations that his treatment or evaluation was provided in an intentionally inadequate manner. Grady's mere disagreement with the treatment or evaluation he was given will not suffice to establish an Eighth Amendment claim against Dr. McLaughlin. See Oxendine v. Kaplan, 241 F.3d 1272 (10th Cir. 2001) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.") (internal citations and quotations omitted). Aside from his disagreement with the treatment and evaluation he received, Grady alleges that Dr. McLaughlin changed his medical recommendations in response to Captain Edmonds's instructions. However, Grady has given this Court nothing beyond his own conclusory allegations to suggest that Dr. McLaughlin's evaluations were based on Captain Edmond's instructions, and not Dr. McLaughlin's own medical opinion. As the Magistrate noted, both defendants denied this allegation, and Grady "has not shown that he has any personal knowledge or other evidence that Defendant Edmond asked Defendant McLaughlin to change or remove any of Plaintiff's work restrictions." (Doc. 122 at 15.) This Court will, therefore, grant summary judgment for Defendant McLaughlin.

This Court also finds no clear error in Magistrate Judge Mix's conclusion that Grady has not provided sufficient evidence of his Eighth Amendment claim against Captain Edmonds to withstand a motion for summary judgment. As a preliminary matter, this Court approves of the Magistrate's decision to treat

Grady's initial complaint as an affidavit because Grady submitted that complaint under penalty of perjury. See Lantec, Inc. v. Novell, Inc., 306 F.3d 1003, 1019 (10th Cir. 2002) ("A district court may treat a verified complaint as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).") (citation and quotation omitted). This Court also finds no clear error in the Magistrate's determination that Grady's statements in his amended complaint and response cannot create issues of fact at this stage because neither of those was submitted under oath. Focusing exclusively on the allegations contained in Grady's initial complaint and the evidence he submitted in this case, the Magistrate did not clearly err in concluding that Grady had failed to raise any issues of material fact.

Grady alleges that Captain Edmonds threatened to send him to segregation if he did not continue working, despite Grady's complaints that the work caused him extreme pain. Grady further alleges that Captain Edmonds assigned him tasks that Captain Edmonds knew were beyond Grady's physical capabilities. Finally, Grady alleges that Captain Edmonds prevented Grady from receiving an impartial medical evaluation and directed Dr. McLaughlin to decrease the restrictions on the work Captain Edmonds could make Grady perform. Without any supporting factual assertions submitted under oath, let alone any supporting evidence, these conclusory allegations cannot withstand a motion for summary judgment. See Trevizo v. Adams, 455 F.3d 1155, 1159 (10th Cir. 2006) ("Plaintiffs seeking to overcome a motion for summary judgment

may not 'rest on mere allegations' in their complaint but must 'set forth specific facts showing that there is a genuine issue for trial.'") (quoting Fed. R. Civ. P. 56(e)).

## III. Conclusion

For the forgoing reasons, Magistrate Judge Mix's Report and Recommendation is adopted in full. Defendants Edmonds and McLaughlin's Motion for Summary Judgment is GRANTED. Except for plaintiff's equal protection claim against defendants Edmonds and McLaughlin, which is DISMISSED WITHOUT PREJUDICE, the remainder of this case and action are DISMISSED WITH PREJUDICE. Because this disposes of all the claims, this action in its entirety, and all claims asserted therein, are DISMISSED, and judgment shall be entered accordingly.

DONE AND SIGNED this __24th__ day of February, 2009.

BY THE COURT:

*s/ David M. Ebel*

U.S. Circuit Court Judge